MARY JANE FLOWERS *versus* CHARLES H. FLOWERS & *als.*

Where a bond, given by a debtor for his release from arrest on execution, is not for just double the sum for which he is liable, and there is no evidence that the mistake was occasioned by accident or misapprehension, the case is not within the provision of § 43 of c. 148 of R. S. of 1841; and it will not be regarded as a statute bond.

Where a debtor, who had given bond on execution, has taken the oath, according to the terms of the bond, which is invalid as a statute bond, this will be considered a performance of one of the alternative conditions specified, although the proceedings in taking the oath were not in conformity to the requirements of the statute.

DEBT upon a bond, given to release Charles H. Flowers from arrest on execution. The case is presented to the full Court on REPORT of MAY, J.

Plaintiff introduced office copy of the execution and officer's return upon the same, and of the judgment upon which the execution issued. Plaintiff also introduced the bond declared on. The principal was arrested in the county of Lincoln by an officer of that county, and gave the bond.

*In defence*, was introduced the certificate of two justices of the peace and of the quorum of the county of Sagadahoc, that the said C. H. Flowers had been admitted to the benefit of the oath provided by statute "for the relief of poor debtors," by which certificate it appeared that they had administered the oath to the debtor within six months from the date of the bond.

The defendants contended that this constituted a performance of one of the alternative conditions of the bond.

*Gilbert*, for plaintiff, argued : —

That the proceedings of the magistrates of the county of Sagadahoc, were unauthorized by statute, (the arrest having been made in the county of Lincoln,) and constituted no defence to this action; nor do they authorize the chancery of the bond.

*Baker*, for the defendants, contended : —

That, as the bond was not for double the amount for which the debter was liable, it was not a statute bond, and created no obligation on the part of the debter to comply with the requirements of the statute, any further than the terms used in the condition of the bond stipulated. R. S. of 1841, c. 148, § 20 ; *Howard* v. *Brown & als.*, 21 Maine, 385 ; *Barrows* v. *Bridge & als., idem,* 398 ; *Clark* v. *Metcalf,* 38 Maine, 122 ; *Dyer* v. *Woodbury,* 24 Maine, 546.

The case does not fall within the provisions of R. S. c. 148, § 43, because there is no evidence of "mistake, accident or misapprehension," and, in the absence of all evidence, the Court will infer none.

The opinion of the Court was drawn up by

TENNEY, C. J. — The bond declared upon in this action, was not for just double the sum for which the debtor, the principal obligor was arrested on execution, and therefore not conformable to the R. S. of 1841, c. 148, § 20. The case discloses nothing which shows that this departure was by reason of any mistake, accident or misapprehension, and, consequently, is not brought within the provision of § 43 of the same chapter. The bond, therefore, cannot be treated as a statute bond. *Dyer* v. *Woodbury,* 24 Maine, 546. And the other provisions of the statute, c. 148, before cited, were disregarded without effect upon the obligor. *Clark* v. *Metcalf,* 38 Maine, 122.

The first condition in the bond is shown to have been performed, and judgment must be entered for the defendants.

RICE, HATHAWAY, APPLETON, MAY, and DAVIS, J. J., concurred.